UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

M. C., BY AND THROUGH HIS NEXT FRIEND,
PATRICIA THURMAN, et al.                                                     PLAINTIFFS

VS.                                                  CIVIL ACTION NO.: 3:10CV653-TSL-MTP

MARLON DORSEY, et al.                                                        DEFENDANTS

## ORDER

This matter is before the court on the following motions relating to immunity-related discovery: Defendants' Motion for Protective Order [82], Plaintiffs' Motion to Compel [83], Plaintiffs' Motion to Extend Deadline to Conduct Immunity-Related Discovery [84], and Plaintiffs' Motion to Expedite [85]. The court having considered the motions and the arguments of counsel during a telephonic hearing, finds that the Motion to Expedite [85] should be granted, the Motion for Protective Order [82] and Motion to Compel [83] should be denied as moot, and the Motion to Extend Deadline to Conduct Immunity-Related Discovery [84] should be granted.

On March 7, 2011, the court entered a Case Management Order [18] following a case management conference. On May 6, 2011, Defendants filed a Motion to Dismiss [35] based on qualified immunity and state law immunity. On August 22, 2011, District Judge Tom S. Lee entered an Order [69] granting Plaintiffs' Motion to Continue [41], and allowing Plaintiffs forty-five days to complete immunity-related discovery. However, the Order [69] did not set the limitations or parameters for the immunity-related discovery. The parties differ as to those parameters and the instant discovery disputes ensued.

Extensive discovery has been propounded by Plaintiffs in this matter. In Defendants' Motion for Protective Order [82], Defendants seek protection from responding to all discovery requests that exceed that allowed in the court's Case Management Order [18]. Plaintiffs claim

the Case Management Order [18] does not address immunity-related discovery, as it was entered prior to the filing of Defendants' immunity-related Motion to Dismiss [35].  In Plaintiffs' Motion to Compel [83], Plaintiff seeks an order compelling Defendant Marlon Dorsey to respond to their discovery requests.  Plaintiffs have also moved the court to extend the deadline to conduct immunity-related discovery.  *See* Motion [84].

When a defendant raises the defense of qualified immunity, the "court may ban discovery at this threshold pleading stage and may limit any necessary discovery to the defense of qualified immunity."  *Schultea v. Wood*, 47 F.3d 1427, 1434 (5th Cir. 1995).  Immunity-related discovery may be "particularly important when evaluating the second prong of the qualified immunity test-the reasonableness of [the defendant's] actions in light of the clearly established constitutional right."  *See Morgan v. Hubert*, 335 F. App'x 466, 473 (5th Cir. 2009) (vacating district court's denial of qualified immunity and remanding for discovery limited to that issue.)

The court finds that the deadline to conduct immunity-related discovery should be extended.  However, the court finds that the discovery allowed should be modest and narrowly tailored to address immunity-related issues only.  The court further finds that the discovery permitted herein is sufficient to allow the parties to fairly and adequately develop the immunity-related issues.  Accordingly,

IT IS, THEREFORE, ORDERED:

1. The Plaintiffs' Motion to Expedite [85] is granted.
2. Plaintiffs' Motion to Extend Deadline to Conduct Immunity-Related Discovery [84] is granted.  The parties are granted an extension of time through November 15, 2011, to complete <u>all</u> immunity-related discovery, including depositions.  The

court finds the following immunity-related discovery parameters to be reasonable:

a.) Plaintiffs (collectively) may propound a total of 15 interrogatories, 15 requests for production, and 15 requests for admission.[1]

b) Defendants (collectively) may propound a total of 5 interrogatories, 5 requests for production, and 5 requests for admission.

c) The parties shall propound the written discovery by October 13, 2011. The parties shall respond to the written discovery propounded by November 2, 2011.

d) Plaintiffs may depose the Defendants who are claiming immunity and the Rule 30(b)(6) deposition of the Jackson Public School District (limited to two hours) on immunity-related issues.

e) Defendants may depose Plaintiffs on immunity-related issues only.

f) Individual depositions are limited to four hours.

3. In light of the new discovery parameters set forth herein, any discovery requests not already answered are hereby stricken as they exceed the numerical limits and the scope of immunity-related discovery permitted by this order. Nothing herein prohibits any party from re-submitting any prior or existing discovery request, which will count toward the number of discovery requests allowed, so long as the request is limited to the immunity issues. Accordingly, Defendants' Motion for Protective Order [82] and Plaintiffs' Motion to Compel [83] are denied as moot.

---

[1]The court notes that some discovery requests have already been answered. The discovery permitted by this order is in addition to any discovery which has already been answered.

SO ORDERED, this the 5th day of October, 2011.

             s/ Michael T. Parker
             United States Magistrate Judge